IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARZELL M. FELTON, | ) |
|     Plaintiff, | ) Case No.: 23-cv-2181 |
| v. | ) Complaint for Violation of Civil Rights and Supplemental State Law Claim |
| CITY OF CHICAGO AND OFFICER RODRIGUEZ, | ) **JURY DEMANDED** |
|     Defendants. | ) |

## COMPLAINT AT LAW

Plaintiff, Carzell M. Felton, by and through his attorneys, Ed Fox & Associates, Ltd., files the following complaint:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331, 1343, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiff, Carzell M. Felton ("Plaintiff") was and is a citizen of the United States and was within this Court's jurisdiction.

4. At all times mentioned herein, Defendant, Chicago Police Officer Rodriguez, ("Defendant Officer"), of the Fifteenth District, was employed by the City of Chicago Police Department and acted under the color of state law and as the employee, agent, or representative of the City of Chicago. Plaintiff is suing Defendant Officer in his individual capacity.

5. At all times mentioned herein, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATION

6. On or about December 31, 2022, Plaintiff was lawfully present at the intersection of Latrobe Avenue and Iowa Street in Chicago, Illinois.

7. Defendant Officer approached Plaintiff.

8. Plaintiff did not use or threaten to use force against anyone.

9. The Defendant Officer grabbed Plaintiff's clothing, causing his jacket to rip.

10. Defendant Officer pushed and/or stiff-armed Plaintiff in the chest.

11. There was no just cause to detain or use force against Plaintiff.

12. Plaintiff was not taken into custody or charged with violating any laws, indicative of his innocence.

13. Defendant Officer's actions caused significant injuries to Plaintiff, including the loss of liberty, invasion of privacy, humiliation, and emotional and physical pain, in an amount yet to be determined.

14. Defendant Officer's actions were willful, wanton, malicious, and done with reckless indifference and/or callous disregard for Plaintiff's rights, justifying the award of exemplary and punitive damages.

15. As a result of Defendant Officer's actions, Plaintiff retained attorneys to vindicate his rights and seeks payment of reasonable attorney's fees pursuant to 42 U.S.C. Section 1988 or any other applicable law.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT OFFICER FOR WRONGFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

16. Plaintiff hereby incorporates and realleges paragraphs one (1) through fifteen (15) hereat as though fully set forth at this place.

17. Defendant Officer deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

18. The arbitrary detention of Plaintiff violated his Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by unlawfully grabbing him by his clothing, pushing, and/or stiff-arming, and detaining him without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officer is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFF AGAINST DEFENDANT FOR EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT

19. Plaintiff hereby incorporates and realleges paragraphs one (1) through fifteen (15) hereat as though fully set forth at this place.

20. Defendant Officer seized and used force against Plaintiff by grabbing him by his clothing and/or pushing and/or stiff-arming him.

21. There was no just cause for Defendant Officer's use of force against Plaintiff.

22. Defendant Officer's conduct deprived Plaintiff of his rights, privileges, and immunities secured under the Fourth Amendment to the United States Constitution and laws enacted thereunder.

23. Defendant Officer's use of force was unnecessary, unreasonable, and excessive, and

therefore violated Plaintiff's Fourth Amendment rights. As a result, Defendant is liable to Plaintiff under 42 U.S.C. § 1983.

## COUNT III
## PLAINTIFF AGAINST CITY OF CHICAGO PURSUANT TO RESPONDEAT SUPERIOR FOR THE STATE LAW CLAIM OF BATTERY

24. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

25. Defendant Officer intentionally made harmful and/or offensive physical contact with Plaintiff by grabbing him by his clothing, pushing, and/or stiff-arming him.

26. Plaintiff did not consent to physical contact by Defendant Officer.

27. The actions of Defendant Officer caused Plaintiff to suffer damages, including but not limited to humiliation, emotional distress, unwanted touching, and mental anguish.

28. City of Chicago is liable pursuant to *respondeat superior*.

29. The physical contact made to Plaintiff was unnecessary and unreasonable, therefore, violating state law. Thus, City of Chicago is liable to Plaintiff.

**WHEREFORE**, Plaintiff, Carzell M. Felton, by and through his attorneys, Ed Fox & Associates, requests judgment as follows:

1. Defendants be required to pay Plaintiff's general damages, including emotional distress and pain and suffering, in a sum to be ascertained;

2. Defendants be required to pay Plaintiff's special damages;

3. Defendants be required to pay Plaintiff's attorneys fees pursuant to § 1983 of Title 42 of the United States Code, § 1988 of Title 42 of the United States Code, or any other applicable provision;

4. Defendant Officer be required to pay Plaintiff's punitive and exemplary damages in a sum to be ascertained;

4

5.  Defendant be required to pay Plaintiff's costs of the suit herein incurred; and

6.  Plaintiff have such other and further relief as this Court may deem just and proper.

                      BY:    */s/Peter T. Sadelski*
                               Peter T. Sadelski
                               ED FOX & ASSOCIATES, LTD.
                               Attorneys for Plaintiff
                               118 North Clinton Street, Suite 425
                               Chicago, Illinois 60661
                               (312) 345-8877
                               psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                      BY:    */s/Peter T. Sadelski*
                               Peter T. Sadelski
                               ED FOX & ASSOCIATES, LTD.
                               Attorneys for Plaintiff
                               118 North Clinton Street, Suite 425
                               Chicago, Illinois 60661
                               (312) 345-8877
                               psadelski@efoxlaw.com